IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-802-M-BK |
| | § | |
| EQUITY OF TEXAS, LLC, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Before the Court are Defendant's *Motion to Set Aside Default under Federal Rules of Civil Procedure 55(C)*, Doc. 10, and Defendant's *Memorandum in Support of Motion for Leave to File Original Answer*, Doc. 11. Upon review, both motions should be **GRANTED**.

**I.     BACKGROUND**

Plaintiff, proceeding *pro se*, filed suit against Defendant on April 7, 2021, pursuant to the Telephone Consumer Protection Act, for claims arising from unsolicited robocalls and texts he allegedly received. Doc. 3 at 10, 15-17. Defendant's agent, Paul A. Merchant, was served on May 14, 2021. *See* Doc. 7 at 1. Defendant did not timely file an answer or otherwise plead, prompting Plaintiff to request the Clerk of the Court to enter a default on June 10, 2021. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (requiring a defendant file an answer within 21 days of service); Doc. 8. The Clerk did so. *See* FED. R. CIV. P. 55(a) (requiring the Clerk enter default against a party who fails to timely answer); Doc. 9. Five days later, Defendant filed this motion to set aside the default, Doc. 10, and motion for leave to file its answer, Doc. 11.

## II.     APPLICABLE LAW

Rule 55 of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  By virtue of having a default entered against it, the defendant is deemed to have admitted the well-pleaded allegations in the complaint.  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  But a district court may set aside an entry of default good cause.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citing FED. R. CIV. P. 55(c)).  In determining whether there is good cause, the court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (citation omitted).  These factors are "disjunctive" and not "exclusive." *Id.* at 184 (citations omitted) (indicating courts may also consider whether the public interest is implicated, whether the defaulting party might incur significant financial loss, and whether the defaulting party acted quickly to correct the default).  Ultimately, whether to set aside an entry of default is left to the district court's sound discretion.  *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

## III.     ANALYSIS

### A. Motion to Set Aside Default

Defendant argues good cause exists to set aside its default because (1) it did not act willfully, (2) Plaintiff will not be prejudiced by setting aside the default, and (3) Defendant has a meritorious defense.  Doc. 10 at 6-10.  In response, Plaintiff argues Defendant's COVID-related excuses are no longer relevant because the height of the pandemic has "passed."  Doc. 17 at 1.

**1. Defendant's default was not willful.**

A party that acted with excusable neglect did not willfully default. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (citation omitted). Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). For example, "late filings caused by inadvertence, mistake or carelessness" constitute excusable neglect. *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 388).

Defendant relies on affidavits from its CEO, Willny Guifarro ("Guifarro"), and its business partner and former registered agent, Parvez Merchant ("Merchant"), to show its default was not willful. Doc. 10-2; Doc. 10-3. Guifarro attests that his inattention to the petition was in part caused by the relocation of Defendant's main office from Sugar Land to Houston. Doc. 10-2 at 2. Guifarro also cites a COVID-19 pandemic-induced communication delay—resulting from staff members' working from home—as reason for his unawareness. Doc. 10-2 at 2. Further, Guifarro claims ignorance of the necessary response deadlines because Defendant had never before been sued.[1] Doc. 10-2 at 2. Merchant's experience mirrors Guifarro's. Merchant attests he was "wholly unaware" of Plaintiff's suit during his move to Defendant's new Houston address. Doc. 10-3 at 2. Then, after Defendant ascertained who Plaintiff was, through an internal investigation, Defendant obtained counsel on June 8, 2021, the same day Plaintiff requested aa default. Doc. 8; Doc. 10-2 at 2.

---

[1] The Court points out that ignorance of the law on its own does not constitute excusable neglect. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Taken as a whole, these affidavits, combined with the fact that Defendant filed an answer within a week of procuring counsel and only five days after the Clerk entered the default, paint a picture of a party with communication issues who moved a mere modicum too slowly in responding to a lawsuit.  The Court thus finds that Defendant did not intentionally fail to respond, and that its failure was not willful but, instead, inadvertent and excusable.  *Lacy*, 227 F.3d at 292-93.

**2.  Plaintiff will not be prejudiced should default be set aside.**

Secondly, to determine whether setting aside the default would result in prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Lacy*, 227 F.3d at 293 (quotation omitted).  No prejudice exists to the plaintiff "where the setting aside of the default [does] no harm to plaintiff except to require [him] to prove [his] case."  *Id.* (quotation omitted).

Under the circumstances presented here, the Court finds Plaintiff would not be prejudiced by setting aside the default.  This case is still in the initial stages of litigation, and Plaintiff has offered no proof he will suffer any real harm other than now having to prove his claim.  *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) (concluding prejudice must involve more than the mere possibility of delay inherent in every case).  While Plaintiff argues Defendant's affidavit evidence is defective, he does not demonstrate that he will be prejudiced if the default is set aside.  *See* Doc. 17 at 1-2.

**3.  Defendant has demonstrated a meritorious defense.**

Finally, to establish a meritorious defense, the defaulting party "must provide a 'clear and specific statement showing, not by conclusion, but by definite recitation of facts' that it has a valid defense."  *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (per curiam).  The

underlying concern in determining whether a meritorious defense is presented is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008).

Defendant has alleged facts that, if true, would allow it to prevail on the merits. It argues that Plaintiff (1) consented to receive communications from Defendant, (2) engaged with Defendant, and (3) provided his contact information to Defendant for further correspondence by offering Defendant his email address. Doc. 10 at 7; *see, e.g.*, 47 U.S.C. § 227(b) (carving out an exception for calls "made with the prior express consent of the called party"). Defendant states it has phone recordings, witness testimony, and circumstantial evidence in support of these allegations. Doc. 10 at 7-8. As such, Defendant has demonstrated the possibility that the outcome of the suit will be contrary to the result achieved by the default, which warrants setting the default aside. *In re OCA, Inc.*, 551 F.3d at 373.

## B. Motion for Leave to File Original Answer

Defendant seeks leave to file an answer to Plaintiff's complaint if the Court sets aside the Clerk's entry of default and attaches to its motion its proposed answer. Doc. 11 at 2; Doc. 11-1 at 2-22. Because the Court recommends setting aside Defendant's default, it further recommends granting Defendant leave to file its answer. *J & J Sports Productions, Inc. v. Bawlilai Corp.*, No. 3:12-CV-3811-L, 2013 WL 2367768, at *1 (N.D. Tex. May 30, 2013) (Lindsay, J.) (granting same).

## IV.   CONCLUSION

For the reasons set forth above, the Court should **GRANT** Defendant's *Motion to Set Aside Default under Federal Rules of Civil Procedure 55(C)*, Doc. 10, and Defendant's *Memorandum in Support of Motion for Leave to File Original Answer*, Doc. 11. The Court

should order the Clerk of the Court to docket Defendant's proposed answer, attached to its motion, as of the date this recommendation is adopted.  *See* Doc. 11-1 at 2-22.

**SO RECOMMENDED** on December 13, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).